**CLEVELAND CHAIR COMPANY
and William R. Jackson,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 75–1451.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 15, 1975.

Decided Dec. 8, 1975.

Richard Jahn, Tanner & Jahn, Chattanooga, Tenn., for plaintiffs-appellants.

John L. Bowers, U. S. Atty., Chattanooga, Tenn., Scott P. Crampton, Gilbert E. Andrew, Richard A. Scully, David English Carmack, Alfred S. Lombardi, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

This litigation is a sequel to *Jackson v. Commissioner,* 380 F.2d 661 (6th Cir. 1967), *cert. denied,* 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967). In the earlier case this court affirmed a United States Tax Court decision upholding an income tax assessment of approximately $1,400,000.

As a condition of stay of assessment and collection of taxes pending appeal in the former case, the taxpayers were required by the Tax Court to post security pursuant to 26 U.S.C. § 7485. United States Treasury notes in the amount of $995,000 were deposited with the Clerk of the United States Tax Court on October 21, 1965. These notes were deposited in lieu of appeal and supersedeas bonds pursuant to 6 U.S.C. § 15.

The Clerk issued a receipt to the taxpayers for the treasury notes and forwarded the notes to the Treasurer of the United States for safekeeping as provided by 6 U.S.C. § 15. The notes matured in accordance with their terms on April 21, 1966. The original treasury notes were allowed to remain on deposit after their maturity date until May 3, 1967, without having been converted or reinvested. As a result, the taxpayers received no interest on these notes during the 377 day period the matured notes remained in the custody of the Treasurer of the United States. The United States had the use of the funds represented by the notes without payment of interest. The taxpayers were required to pay interest on their tax deficiency, including interest for the 377 day period during which the matured treasury notes remained on deposit.

On December 18, 1970, the plaintiffs-appellants in the present suit filed claims with the Internal Revenue Service seeking recovery of the alleged overpayment of taxes to the extent of the interest lost upon their matured treasury notes. These claims were denied by the District Director of Internal Revenue.

This action thereupon was filed by the taxpayers, seeking recovery of $61,-877.01. Chief District Judge Frank W. Wilson held that the District Court had no jurisdiction and transferred the case to the Court of Claims pursuant to 28 U.S.C. § 1406(c), directing that the litigation "shall thereafter proceed as if it had been there filed [in the Court of Claims] on the same date as this case." The District Court stayed the transfer to the Court of Claims, pending disposition of this appeal.

We affirm.

In the District Court five legal theories were asserted as a basis for recovery: (1) A claim for overpayment of income taxes; (2) a claim for breach of duty by the United States as pledgee holding its own obligations as security; (3) a claim for breach of duty by the United States as a fiduciary holding its own obligations as security; (4) a claim for unjust enrichment; and (5) a claim for negligent management of securities by the United States.

■ The District Court correctly held that it had no jurisdiction to grant any relief to plaintiffs-appellants in this case. Before the merits of the claim can be considered, there must be statutory authority evidencing the consent of the sovereign to be sued and conferring jurisdiction on the District Court to entertain this action. *United States v. Shaw,* 309 U.S. 495, 503, 60 S.Ct. 659, 84 L.Ed.2d 888 (1940).

■ Jurisdiction is asserted under 28 U.S.C. § 1346(a)(1) by characterizing this action as a claim for refund of taxes allegedly overpaid. The District Court correctly held that no jurisdiction is conferred by that statute under the facts of this case. The ultimate issue in a tax refund suit is whether the taxpayer has overpaid his taxes for the year in question. In the present case the correct amount of taxes is not at issue. The dispute centers around the non-action of a federal official in his capacity as a custodian. We agree with the District Court that this does not amount to an overpayment of taxes.

On this point, Judge Wilson said:

It is the plaintiffs' further theory that by failure either to convert the notes to interest bearing obligations upon their maturity or to notify the plaintiffs of the need for so doing, the defendant breached its duty as a pledgee, with the consequence that the plaintiffs sustained a loss of interest or loss of value in this collateral, which loss should have been balanced against any tax obligation owing from the plaintiffs to the United States. The difficulty with the plaintiffs' position is that we are not here dealing with an offset, counterclaim or recoupment asserted in tax litigation, as was the case in *Bull v. United States,* 295 U.S. 247, 79 L.Ed. 1421, 55 S.Ct. 695 (1935). Rather, we are dealing with an independent lawsuit to effect recovery of taxes alleged to have been overpaid when in fact no overpayment of taxes or of interest on taxes has occurred. Whatever the plaintiffs' rights to recoupment may have been in the initial income tax lawsuit, no such rights were asserted or allowed in that lawsuit. Accordingly they cannot now be asserted as an overpayment of taxes. Whatever duty the United States may have had as a pledgee and whatever loss the plaintiffs may have sustained by reason of the breach of that duty, such loss could not constitute an overpayment of taxes merely because it occurred as an incident to tax litigation rather than some other type of litigation. Otherwise every claim against the United States might be rationalized as an overpayment of taxes. Not being an overpayment of taxes, this Court would acquire no jurisdiction over the plaintiffs' claim pursuant to the grant of jurisdiction over tax litigation.

■ Appellants rely upon § 9–207(1) of the Uniform Commercial Code in support of their contentions that the United States is liable for their claim. The trouble with this contention is that Congress has not conferred on District Courts jurisdiction to entertain an action on that theory.

■ The District Court also was correct in holding that it has no jurisdiction under the Tucker Act. 28 U.S.C. § 1346(a)(2), which grants the United States District Courts concurrent jurisdiction with the Court of Claims over express or implied contract claims against the United States, but only with respect to claims not exceeding $10,000 in amount. The claims in the present case substantially exceed $10,000.

■ The District Court also was correct in holding that it has no jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). On this issue Judge Wilson said:

To the extent that the plaintiffs assert a negligence action against the United States, the Court may have jurisdiction to consider that claim under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2672 *et seq.* However, with regard to any tort claim asserted by the plaintiffs, the Court is immediately confronted with at least two statutory bars to such an action under the undisputed facts here presented. In the first place a tort claim against the United States is "forever barred unless . . . action is begun within six months . . ." after notice of denial by the agency to which the claim is presented [28 U.S.C. § 2401(b)].

The judgment of the District Court is affirmed. The stay of the transfer of this case to the Court of Claims is vacated. The costs of this appeal are assessed against appellants.